UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MATTHEW MILLEN and <br> HEATHER MILLEN, <br> Plaintiffs, <br><br> v. <br><br> MENARD, INC., <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CAUSE NO.: 2:10-CV-408-PRC <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Compel the Plaintiffs' Supplemental Discovery Responses [DE 34], filed by Defendant Menard, Inc. on December 31, 2012. Plaintiffs Matthew and Heather Millen filed a response on January 14, 2013. Defendant filed a reply on January 22, 2013.

**BACKGROUND**

On August 17, 2010, Plaintiffs filed this suit against Defendant in Lake County, Indiana Superior Court. Plaintiffs allege that on October 6, 2008, Mr. Millen was a customer in one of Defendant's stores when one of Defendant's employees negligently caused a stack of lumber to fall and strike Mr. Millen ("October 2008 injury"). Plaintiffs allege that as a result of the incident, Mr. Millen sustained severe and permanent injuries. On October 12, 2010, Defendant removed the case to federal court.

On January 5, 2011, Defendant served interrogatories and requests for production on Plaintiffs. Plaintiffs served their answers and responses on Defendant on March 23, 2011. Plaintiffs alleged that on July 11, 2011, Mr. Millen suffered a subsequent injury that was caused by the October 2008 injury ("July 2011 injury"). On January 10, 2012, Plaintiffs supplemented their earlier discovery responses with medical records relating to the July 2011 injury. On January 16, 2012, Defendant requested

1

supplemental answers to the original interrogatories and requests for production. On June 1, 2012, Plaintiffs notified Defendant that Plaintiffs believed the information sought by Defendant through supplemental answers would be more appropriately explored in a deposition. On August 17, 2012, Plaintiffs supplemented their answers. On December 13, 2012, Defendant reiterated the request for Plaintiffs to supplement their responses to written discovery. In response, Plaintiffs indicated that there was no new information for supplementation at the time. The instant motion was filed on December 31, 2012.

## ANALYSIS

Defendant asks the Court to compel Plaintiffs to supplement their responses to written discovery. Specifically, Defendant asks the Court to compel supplementary answers to Interrogatories Nos. 3, 6, 8, 10, 11, 13, 15, 17, and 23 and to compel supplemental responses to Requests for Production Nos. 5 and 13. Plaintiffs' response suggests that Defendant has failed to comply with Local Rule 37-1 in bringing the motion. Additionally, Plaintiffs contest Defendant's argument that Plaintiffs have failed to comply with Defendant's discovery requests.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 37(a) provides that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The Court has broad discretion when deciding whether to compel discovery. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

### A. Local Rule 37-1

While not expressly referring to Local Rule 37-1, the Court interprets Plaintiffs' response to assert that Defendant has not complied with Local Rule 37-1 before filing the instant motion.

Defendant's reply asserts that Defendant complied with Local Rule 37-1 by attempting to informally resolve the discovery disputes that are the subject of this motion. Local Rule 37-1 provides that "[a] party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." Defendant filed a 37-1 Certification that stated Defendant's counsel "repeatedly conferred with plaintiffs' counsel telephonically during regular business hours on January 16, 2012, May 31, 2012, and December 14, 2012, in an unsuccessful effort to resolve [the discovery] issues." Def. L.R. 37-1 Cert., p. 1. Plaintiffs have not challenged the statements made in Defendant's Certification. Because the Court finds the efforts described in Defendant's Local Rule 37-1 Certification to satisfy the requirements of the Local Rule, Plaintiffs' argument that the motion fails to comply with the Local Rules is denied.

### B. Interrogatories

Defendant asks the Court to compel supplementary answers to interrogatories submitted to Mr. Millen, including Interrogatories Nos. 3, 6, 8, 10, 11, 13, 15, 17, and 23. The Court will consider each in turn.

*Interrogatory No. 3*

Interrogatory No. 3 provides:

> 3. Please describe in chronological order your detailed version of how the subject accident occurred including, but not limited to, a description of the events leading up to the same, the purpose for which you were in the store on the day of the subject accident, what you did after the subject accident, and when you sought medical attention for your injuries.

Def. Mot., Exh. 1, p. 6. Mr. Millen's original answer provides:

> (Original) ANSWER: I was a customer at Menards when a Menard's [*sic*] negligently and carelessly caused a stack of lumber to fall, striking my right leg just above the ankle. I sought medical treatment the day of the event.

Def. Mot., Exh. 2, p. 4. Mr. Millen's supplemental answer provides:

> (Supplemental) ANSWER: I was a customer at Menards when a Menard's employee and/or agent negligently and carelessly caused a stack of lumber to fall, striking my right leg just above the ankle. I sought medical treatment the day of the event.

Def. Mot., Exh. 5, p. 3.

Defendant argues that the answer is insufficient because it fails to provide the factual details requested about the October 2008 injury. Plaintiffs argue that Defendant already has sufficient information concerning the incident, including photographs of the event, eyewitness testimony from one of Defendant's own employees, Mr. Millen's deposition testimony concerning the incident, and a hand written statement from Mr. Millen concerning the incident.

However, "[a]n interrogatory may inquire about some fact even though the answer is already known to the examining party." 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2165 (3d ed). Moreover, it is not evident that Defendant already possesses all of the facts sought through Interrogatory No. 3. While there may be some overlap, Plaintiffs have not provided the Court with sufficient information to conclude that a full and complete answer would be entirely duplicative. Accordingly, the Court grants the motion as to this request and orders Mr. Millen to provide a supplemental response on or before **May 28, 2013**, to Interrogatory No. 3, describing in detail and chronological order the facts surrounding the October 2008 injury, including (1) the events preceding the incident, (2) the reason Mr. Millen was in the store that day, and (3) the events immediately following the incident.

*Interrogatory No. 6*

Interrogatory No. 6 provides:

> 6. If you claim to have sustained any loss of income and/or loss of earning as a result of the alleged accident, please state, all dates that a loss of wages was sustained or will be sustained in the future, the exact dollar amount in lost wages

> sustained or which will be sustained for each date, the name and address of each place of employment where a loss of wages was sustained or will be sustained, the total amount of lost wages to date, and the total amount of claim of loss of earning capacity.

Def. Mot., Exh. 1, p. 7. Mr. Millen's original Answer provides:

> (Original) ANSWER:
> 10/6/08-6/29/09:
> First Baptist Church of Hammond, 507 State Street, Hammond, IN 46320; $9,375.77
> Hyles-Anderson College, 8400 Burr Street, Crown Point, IN 46307; $6,264.52
> RTO Holmes LLC, 300 U.S. 41, Suite B, Schererville, IN 46375; $1,111.89
> RK Home Solutions, 300 U.S. 41, Suite B, Schererville, IN 46375; $17,522.86
>
> Investigation continues and Plaintiff reserves the right to supplement this response.

Def. Mot., Exh. 2, p. 5. Mr. Millen's supplemental Answer provides:

> (Supplemental) ANSWER:
> 10/6/08-6/29/09:
> First Baptist Church of Hammond, 507 State Street, Hammond, IN 46320; $9,375.77
> Hyles-Anderson College, 8400 Burr Street, Crown Point, IN 46307; $6,264.52
> RTO Holmes LLC, 300 U.S. 41, Suite B, Schererville, IN 46375; $1,111.89
> RK Home Solutions, 300 U.S. 41, Suite B, Schererville, IN 46375; $17,522.86
>
> As a direct and proximate result of the permanent injury that occurred on October 6, 2008 I sustained a subsequent injury on July 15, 2011 when I fractured my right tibia-fibula causing me to undergo surgery and have a rod inserted in my leg. I was forced to lose wages as I was unable to work for a period of time, and have been restricted in the type of work I have been able to do since the second injury. I am in the process of assimilating my lost wages for the subsequent injury and will update this response. I will also supplement this response with my tax returns prior to the initial injury in October, 2008, which show the diminution in my income through the present time.

Def. Mot., Exh. 5, p. 4.

Defendant argues that Mr. Millen's answer is not responsive as it does not provide an accounting of all wages allegedly lost as a result of the July 2011 injury. Plaintiffs assert that they are unable to determine the amount of income lost as a result of the July 2011 injury because Mr. Millen was not working at the time. Instead, they have provided Defendant with Mr. Millen's tax returns for the year prior to the October 2008 injury, and they have stated that lost income due to the July 2011

5

injury will be estimated based on those tax returns. Defendant's reply does not dispute that the tax returns have been disclosed. However, Defendant argues that the tax returns are not responsive as Defendant is unable to determine how those tax returns will be used in estimating Mr. Millen's lost wages.

The Court agrees that the submission of Mr. Millen's tax returns is not responsive to Interrogatory No. 6. To the extent Plaintiffs intend to estimate Mr. Millen's lost wages resulting from the July 2011 incident by relying on the tax returns, Plaintiffs must, at minimum, provide Defendant with the method by which they will use those tax returns to estimate the lost wages. Otherwise, Defendant would be left to speculate as to the damages claimed by Plaintiffs. Accordingly, the Court grants the motion as to this request and orders Mr. Millen to provide a supplemental response on or before **May 28, 2013**, to Interrogatory No. 6, describing the method by which Plaintiffs will use the tax returns to estimate Mr. Millen's lost wages resulting from the July 2011 incident.

*Interrogatory No. 8*

Interrogatory No. 8 provides:

> 8. State the name, address and telephone number of each and every physician, healthcare provider, chiropractor, osteopath, hospital and/or clinic who has treated you, with whom you have consulted, have been consulting, and/or have been examined by for the injuries, ailments, disabilities and/or pains which you allege you sustained as a result of the subject incident as well as any of the same whom you were examined by in the last ten (10) years for any ailment, injury, disability and/or pains you experienced before the subject incident. For each such physician, healthcare provider, chiropractor, osteopath, hospital and/or clinic, provide the diagnosis and/or prognosis provided, the costs associated with each such physician, healthcare provider, chiropractor, osteopath, hospital and/or clinic, and for which injury, ailment and/or pain each such physician, healthcare provider, chiropractor, osteopath, hospital and/or clinic treated you.

Def. Mot., Exh. 1, p. 8. Mr. Millen's original answer provides:

(Original) ANSWER:

Post Menard's Fall:
Schererville Fire Department, EMS 10/6/08
St. Margaret Mercy, 10/6/08
St. Margaret Mercy ER Physician, 10/6/08
Lake Imaging LLC, 10/6/08
FirstMed-Schererville, 10/6/08
Dr. Michael C. Foreit/Comprehensive Care, 10/9/08-6/5/09
Dr. Kenneth Ham, Bone & Joint Specialist, 10/13/08-2/2/09
Dr. Bruce Williams, Ambulatory Foot Care, Inc. a/k/a Breakthrough Podiatry, 6/9/09-7/6/09

Prior 10 years:
My family physician is Dr. Dennis Streeter, 119 E. 89th Ave., Merriville, IN. In 2002 I had a stress test as a preventive measure; investigation continues and Plaintiff reserves the right to supplement this response.

Def. Mot., Exh. 2, p. 6. Mr. Millen's supplemental answer provides:

(Supplemental) ANSWER:

October 6, 2008 –
Schererville Fire Department, EMS 10/6/08
St. Margaret Mercy, 10/6/08
St. Margaret Mercy ER Physician, 10/6/08
Lake Imaging LLC, 10/6/08
FirstMed-Schererville, 10/6/08
Dr. Michael C. Foreit/Comprehensive Care and Comprehensive Therapy, 10/9/08-6/5/09
Dr. Kenneth Ham, Bone & Joint Specialist, 10/13/08-2/2/09
Dr. Bruce Williams, Ambulatory Foot Care, Inc. a/k/a Breakthrough Podiatry, 6/9/09-7/6/09

July 10, 2011 –
St. Margaret Mercy, 7/10/11 through Present,
Dr. Vietta Johnson, % [*sic*] St. Margaret Mercy Wound Care
Lake Imaging, LLC, 7/10/11; 7/14/11; 7/15/11; 8/22/11; 9/21/11
St. Margaret Mercy Anesthesia, 7/14/11
St. Margaret Mercy ER Physician, 7/10/11
Team Physicians of Indiana, Merriville, Indiana

Itemization of medical expenses set forth below in response to Interrogatory No. 9.

Prior 10 years:
My family physician is Dr. Dennis Streeter, 119 E. 89th Ave., Merriville, IN. In 2002 I had a stress test as a preventive measure.

Def. Mot., Exh. 5, pp. 5-6.

Defendant argues that Mr. Millen's answer is not responsive because it fails to provide information concerning the part of the body treated during each instance of medical treatment and the prognosis or diagnosis resulting from such treatment. Plaintiffs responds that they have no additional information to provide.

The Court finds that Mr. Millen's answer is insufficient. Mr. Millen is able to report specific instances of medical treatment but he does not report what part of his body or what injury was being treated. Accordingly, the Court grants the motion as to this request and orders Mr. Millen to provide a supplemental response on or before **May 28, 2013**, to Interrogatory No. 8, describing, to the extent such information is available to him, the prognosis or diagnosis resulting from each instance of medical treatment and the body part or injury that was being treated.

*Interrogatory No. 10*

Interrogatory No. 10 provides:

10. As a result of the subject incident, how long and between what dates were you: wholly confined to bed; wholly confined to the house; and/or wholly incapacitated from your normal activities, giving particulars as to each activity from which you were so incapacitated, including, but not limited to, the dates of such incapacitation and the frequency in which you engaged in such activity prior to the subject incident and since your recovery from the injury allegedly rendering you incapacitated.

Def. Mot., Exh. 1, p. 9. Mr. Millen's original answer provides:

(Original) ANSWER: In addition to the objections set forth above, plaintiff further objects on the basis the interrogatory is unduly burdensome and calls for a narrative that is best served in a deposition. Without waiving said objection, I was wholly incapacitated from my normal activities for approximately two weeks.

Def. Mot., Exh. 2, p. 7. Mr. Millen's supplemental answer provides:

(Supplemental) ANSWER: I was wholly incapacitated from my normal activities for approximately two weeks, in a wheelchair for part of that time. Thereafter I was on

8

crutches and then my foot was immobilized in a walking cast for another extended period of time. After I treated with Dr. Williams I had no further medical treatment but I have worn orthotic devices since that time, and continued to have ongoing pain, discomfort, and weakness in my right ankle through the date of the subsequent injury on July 10, 2011. I was wholly incapacitated initially, and have had to restrict my activities, including my ability to perform my prior work duties. I now walk with a permanent limp, and have a steel rod in my right leg as a result of the fracture.

Def. Mot., Exh. 5, p. 7.

As an initial matter, the Court does not find merit in Plaintiffs' objection that Interrogatory No. 10 is unduly burdensome and is best handled in a deposition. The Court finds that the question is an appropriate one for an interrogatory. As to the arguments put forth by the parties in their briefs, Defendant argues that Mr. Millen's answer is not responsive because it fails to provide specifics as to the type of activities in which Mr. Millen has been unable to engage because of the October 2008 injury, how frequently he engaged in those activities before the injury, and for what period of time the injury prevented him from engaging in those activities. Plaintiffs respond that they have provided through other discovery methods great detail concerning the incident, Mr. Millen's treatment, and his recovery process.

As with the Interrogatory No. 3, the fact that Defendant may already be in possession of certain facts does not preclude Defendant from inquiring into those facts in an interrogatory. Moreover, Plaintiffs' response is vague as to what information Plaintiffs have already provided to Defendant through other forms of discovery. The Court is unable to determine from Plaintiffs' response whether Plaintiffs have provided any information concerning the effect of Mr. Millen's alleged injuries on his activities. Details "about the incident, about treatment, and about [Mr. Millen's] day to day recovery process," Pl. Resp., p. 6, do not necessarily include information about those activities that Mr. Millen was unable to engage in as a result of his injuries. Accordingly, the Court grants the motion as to this request and orders Mr. Millen to provide a supplemental response on or before **May 28, 2013**, to

9

Interrogatory No. 10, specifically addressing the type of activitie she has been unable to engage in because of his injuries, how frequently he engaged in those activities before the injuries, and for what period of time the injuries prevented him from engaging in those activities.

*Interrogatory No. 11*

Interrogatory No. 11 provides:

11. Please provide an itemized accounting of all lossess and expenses which you claim were incurred by you as a result of the subject incident, indicating which losses or expenses are attributable to hospitals, doctors, nursing, medicines, medical appliances, loss of earnings, and loss of future earning capacity.

Def. Mot., Exh. 1, p. 9. Mr. Millen's original answer provides:

(Original) ANSWER:
In addition to Interrogatory answers number 6 and 9, expenses incurred include:
   Replacement of shoes at New Balance, Merriville - $106.95;
   Mileage costs to and from medical providers;
   Plaintiff reserves the right to assert any and all other damages permissible under
Indiana law. Discovery and investigation is on going [*sic*] and Plaintiff reserves the right to supplement this answer.

Def. Mot., Exh. 2, p. 8. Mr. Millen's supplemental answer provides:

(Supplemental) ANSWER:
In addition to Interrogatory answers number 6 and 9, expenses include:
   Replacement of shoes at New Balance, Merriville - $106.95;
   Mileage costs to and from medical providers;
Plaintiff reserves the right to assert any and all other damages permissible under Indiana law. Discovery and investigation is on going [*sic*] and Plaintiff reserves the right to supplement this answer.

Def. Mot., Exh. 5, p. 8.

Defendant argues that "plaintiff's response merely referred back [*sic*] Interrogatory No.6, which requested an accounting for lost wages and loss of earning capacity. That response, as previously stated, is incomplete and insufficient." Pl. Mot., p. 4. Mr. Millen's answer did more than merely refer back to Interrogatory No. 6. It provided that Mr. Millen incurred the cost of purchasing new shoes as a result

of the incident. It further provided that Mr. Millen incurred the cost of traveling to and from medical providers as a result of the incident. Because Mr. Millen's answer included more than a reference back to Interrogatory No. 6, the Court interprets Defendant's motion to merely reassert that Mr. Millen's answer to Interrogatory No. 6 was insufficient.

Because the Court has already determined that Mr. Millen must supplement his answer to Interrogatory No. 6, the Court denies Defendant's request for an order compelling Mr. Millen to supplement the answer to Interrogatory No. 11.

*Interrogatory No. 13*

Interrogatory No. 13 provides:

13. Do you expect to call any expert witnesses and/or treating healthcare providers to testify at trial? If your answer to interrogatory No. 13 is in the affirmative, please provide the name, address, and telephone number of each and every such witness, the subject matter on which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, including, if applicable, each experts' and/or healthcare providers' opinions regarding diagnosis, prognosis, and whether the injuries alleged to have been incurred by the plaintiff are causally related to the subject accident, a summary of the grounds for each opinion, and a complete description of each and every document known to you or to be used at trial relating to the testimony of said witness.

Def. Mot., Exh. 1, p. 10. Mr. Millen's original answer provides:

(Original) ANSWER: Plaintiff has not yet identified expert witnesses but reserves the right to supplement this response. To the extent Plaintiff's treating physicians are "expert" witnesses, Plaintiff identifies the physicians disclosed in Interrogatory No. 8

Def. Mot., Exh. 2, p. 9. Mr. Millen's supplemental answer provides:

(Supplemental) ANSWER: Plaintiff has not yet identified expert witnesses but reserves the right to supplement this response pursuant to the Court's Order regarding expert disclosures. To the extent Plaintiff's treating physicians are "expert" witnesses, Plaintiff identifies the physicians disclosed in Interrogatory No. 8.

Def. Mot., Exh. 2, p. 9.

11

Defendant's motion argues that Mr. Millen failed to provide any information in response to Interrogatory No. 13. Plaintiffs respond that the health care providers who will be testifying at trial will be testifying as expert witnesses. Plaintiffs assert that the health care providers' reports will be disclosed to Defendant as required by the Court's timeline. Defendant's reply brief does not raise any issues with Plaintiffs' response. Accordingly, the Court denies Defendant's request for an order compelling Mr. Millen to supplement his response to Interrogatory No. 13.

*Interrogatory No. 17*

Interrogatory No. 17 provides:

17. Please state fully and in complete detail any and all facts that support or refute your contention that as a direct and proximate result of the defendants' negligence, you sustained personal injuries and damages.

Def. Mot., Exh. 1, p. 12. Mr. Millen's original answer provides:

(Original) ANSWER: See Interrogatory number 3.

Def. Mot., Exh. 2, p. 10. Mr. Millen's supplemental answer provides:

(Supplemental) ANSWER: See Interrogatory number 3.

Def. Mot., Exh. 5, p. 10.

Defendant argues that Mr. Millen's answer is deficient because it merely refers to his answer to Interrogatory No. 3, which Defendant claims is itself deficient. Plaintiffs respond by essentially restating Mr. Millen's answer to Interrogatory No. 3, arguing that Defendant's employee was negligent in causing the boards to fall on to Mr. Millen and that "res ipsa applies and that the negligent [*sic*] in [*sic*] inherent in the facts thus no supplementation is needed beyond what has been provided in discovery answers to date." Pl. Resp., p. 6.

The Court has already determined above that Mr. Millen's answer to Interrogatory No. 3 is insufficient and has ordered supplementation. Even if the Court had not made such a determination,

supplementation would be required because Interrogatory No. 17 is broader than Interrogatory No. 3. The request for information in No. 17 is not limited to facts occurring on the date of the October 2008 injury. Instead, No. 17 asks Mr. Millen to provide any facts that support or refute his allegations against Defendant. Accordingly, the Court grants the motion as to this request and orders Mr. Millen to provide a supplemental response on or before **May 28, 2013**, to Interrogatory No. 17, providing the facts that support or refute Plaintiffs claim that they have sustained injuries and damages as a result of Defendant's negligence.

*Interrogatories Nos. 15 and 23*

Interrogatory No. 15 provides:

15. If you have ever received any disability payment in any form from any source, public or private, identify the person or entity making each such payment, the amount of each such payment, the injuries for which each such payment was received, any permanent partial impairment rating or degrees of impairment assigned or associated with each such payment, and the dates each such payment began and ended.

Def. Mot., Exh. 1, p. 11. Mr. Millen's original answer provides:

(Original) ANSWER: Plaintiff received some worker's compensation benefits but was required to provide those monies to his employer in exchange for which he received wages from his employer. Investigation and discovery are ongoing and plaintiff reserves the right to supplement this response.

Def. Mot., Exh. 2, p. 10. Mr. Millen's supplemental answer provides:

(Supplemental) ANSWER: With respect to the October 6, 2008 incident Plaintiff received worker's compensation benefits in the form of payment of medical expenses and temporary total disability, but was required to provide those monies to his employer in exchange for which he received wages from his employer. See response to Interrogatory No. 23 regarding the lien amounts. With respect to the July 10, 2011 injury, plaintiff received no compensation for his lost wages; investigation continues as to source of payment of medical expenses and plaintiff reserves the right to supplement this response.

Def. Mot., Exh. 5, p. 10. Interrogatory No. 23 provides:

> 23. Has any portion of any pecuniary loss you claim been paid by a collateral source? If your answer to Interrogatory No. 23 is in the affirmative, fully state the precise nature of such pecuniary loss, the amount of any payment received, identify the entity or entities making said payments and whether reimbursement was required, and state whether any such payments were made by or pursuant to Worker's Compensation, Medicare, Medicaid, Unemployment, Social Security, Veteran's Administration, Health Insurance, Disability Insurance, or other entitlement or source.

Def. Mot., Exh. 1, pp. 13-14. Mr. Millen's original answer provides:

> (Original) ANSWER: Medical expenses submitted to Worker's Compensation carrier: AIG Insurance, P.O. Box 1822, Alpharetta, GA 30023-Claim Number 709690026. The nature and extent of TTD payments is under investigation and this response will be supplemented.

Def. Mot., Exh. 1, p. 12. Mr. Millen's supplemental answer provides:

> (Supplemental) ANSWER: Medical expenses submitted to Worker's Compensation carrier: AIG Insurance, P.O. Box 1822, Alpharetta, GA 30023-Claim Number 709690026. There is [*sic*] subrogation lien with AIG in the amount of $16,521.00 and a lien with Hyles Anderson in the amount of $9,250.00. Medical expenses for the July 10, 2011 subsequent injury were paid in large part by Blue Cross Blue Shield, the amount of the outstanding lien and the amount paid by the Plaintiffs as well as any outstanding balances due will be supplemented.

Def. Mot., Exh. 5, p. 12.

Interrogatories Nos. 15 and 23 ask Mr. Millen to provide information concerning payments from collateral sources. Defendant argues that Plaintiffs have failed to supplement the answers with respect to the source of payment for Mr. Millen's medical bills following the July 2011 injury, any outstanding balances due, and any current liens. Plaintiffs respond that "Defendants have received information from Plaintiffs regarding the worker's compensation claim and what was paid by Defendant's employer." Pl. Resp., p. 6.

Plaintiffs' response indicates that some information has been provided to Defendant, but it does not deny that there is additional information that has yet to be supplemented. Accordingly, the Court grants the motion as to this request and orders Mr. Millen to provide a supplemental response on or

14

before **May 28, 2013**, to Interrogatories Nos. 15 and 23, providing information concerning any payments from collateral sources, including the source of payment for Mr. Millen's medical bills following the July 2011 injury, any outstanding balances due, and any current liens.

### C. Requests for Productions

Defendant asks the Court to compel supplementary responses to Request for Production Nos. 4 and 13. The Court will consider each in turn.

*Request No. 5*

Request No. 5 provides:

> 5. Any and all documents verifying or relating to any and all miscellaneous items of expenses claimed by plaintiffs to be incurred as a result of the subject incident.

Def. Mot., Exh. 1, p. 32. Plaintiffs' original response provides:

> (Original) RESPONSE: See response to Requests No. 3 and 4. In addition, plaintiff claims mileage costs to and from medical providers, as well as any and all other damages permissible under Indiana law. Discovery and investigation is ongoing and Plaintiffs reserve the right to supplement the response.

Def. Mot., Exh. 2, p. 25. Plaintiffs' supplemental response provides:

> (Supplemental) RESPONSE: See response to Requests No. 3 and 4. In addition, plaintiff claims mileage costs to and from medical providers, as well as any and all other damages permissible under Indiana law. Discovery and investigation is on going [*sic*] and Plaintiffs reserve the right to supplement the response.

Def. Mot., Exh. 6, p. 4.

Defendant argues that Plaintiffs' claim to "any and all other damages permissible under Indiana law" is evasive and non-responsive. Plaintiffs respond that information concerning any miscellaneous expenses have been provided and that currently there is no known supplementation.

The Court does not find Plaintiffs' response to be evasive or non-responsive. Plaintiffs provided known miscellaneous expenses alleged to be the result of the incident and have stated that no new

15

miscellaneous expenses are known at this point. The Court interprets Plaintiffs' claim to "any and all other damages permissible under Indiana law" to be an attempt to avoid waiver of any claims discovered in the future. Accordingly, the Court denies Defendant's motion with respect to Request No. 5.

*Request No. 13*

Request No. 13 provides:

13. Copies of any and all Worker's Compensation records, disability records, and Social Security records of the plaintiffs.

Pl. Mot., Exh. 1, p. 34. Plaintiffs' original response provides:

(Original) RESPONSE: Nothing presently in Plaintiffs' possession; investigation continues and Plaintiffs reserve the right to supplement this response.

Pl. Mot., Exh. 2, p. 27. Plaintiffs' supplemental response provides:

(Supplemental) RESPONSE: Plaintiff has not sought disability benefits beyond Worker's Compensation, records from AIG subrogation lien are produced herein. Investigation continues and Plaintiffs reserve the right to supplement this response.

Pl. Mot., Exh. 6, p. 5.

Defendant argues that Plaintiffs have failed to supplement the response to Request No. 13 and should be compelled to do so. Plaintiffs respond that there are no worker's compensation records within their possession and that Mr. Millen has never received disability or social security benefits. Defendant's reply brief concedes that Plaintiffs have produced worker's compensation records relating to the October 2008 injury but argues that no records have been produced concerning the July 2001 injury.

Given the fact that Plaintiffs deny being in possession of any further worker's compensation records and that Defendants have not provided the Court with information suggesting such records exist, the Court denies Defendant's motion with respect to Request No. 13.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendant's Motion to Compel the Plaintiffs' Supplemental Discovery Responses [DE 34]. The Court **GRANTS** Defendant's motion with respect to Interrogatories Nos. 3, 6, 8, 10, 15, 17, and 23. The Court **ORDERS** Plaintiff to provide supplemental discovery responses consistent with this Order on or before **May 28, 2013**. The Court **DENIES** Defendant's motion with respect to Interrogatories Nos. 11 and 13 and with respect to Requests for Production Nos. 5 and 13. Because the Court has granted in part and denied in part Defendant's motion, the Court may award Defendant some of the expenses of bringing the instant motion under Federal Rule of Civil Procedure 37(a)(5)(C). The Court declines to make an award of any expenses to Defendant.

SO ORDERED this 15th day of May, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record