# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MATTHEW MILLEN and <br> HEATHER MILLEN, <br>     Plaintiffs, <br>   v. <br> MENARD, INC. d/b/a <br> MENARDS, <br>     Defendant. | Cause No. 2:10-CV-408-PRC |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion In Limine [DE 50] filed on November 19, 2013, and on Defendant's Response To Plaintiffs' Motion In Limine [DE 55] filed on December 2, 2013. No replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1. Categories of unspecified trial witnesses.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard to the extent such references are for persons who will testify at trial for the purpose of laying foundation for the admissibility of healthcare records or other trial exhibits.

It is also **DENIED** as to the descriptions in Plaintiffs' Motion In Limine numbered 30, 31, 32, 33, 43, 44, 45 because these witnesses apparently have been specifically identified in another manner.

It is otherwise **GRANTED**.

2. Policy and procedure documents of Menards.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Photos, videos, drawings, etc. of the incident scene or relating to any of the parties.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard as to any photos, videos, drawings, etc. which have either been provided to Plaintiffs or the existence and general description of which have been made known to Plaintiffs.

2. Pre-trial statements of a party or any other potential trial witness.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Documents relating to any other legal actions either of the Plaintiffs may have been involved in.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard. But if such document may be sought to be offered into evidence, it shall first be discussed with the Court outside of the hearing of the jury and will be subject to relevance.

2. Medical records suggesting that Matthew Millen failed to follow medical advice.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Evidence of collateral source payments.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Demonstrative evidence of pieces of lumber and evidence relating to lumber stacking, binding, or transportation.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Reference to a DOG chart.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Reference to time line of Matthew Millen's medical history.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Reference to pharmaceutical records of Matthew Millen.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Reference to Plaintiffs' social media records and photographs.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Reference to photographs of Menards store.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

2. Evidence of the cost of Matthew Millen's sneakers.

RULING: The Plaintiffs' Motion In Limine is **DENIED** in this regard.

Wherefore, the Plaintiffs' Motion In Limine [DE 50] is **GRANTED** in part and **DENIED** in part.

So **ORDERED** this 5th day of December, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record