UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MATTHEW MILLEN and<br>HEATHER MILLEN,<br>    Plaintiffs,<br><br>    v.<br><br>MENARD, INC. d/b/a<br>MENARDS,<br>    Defendant. | Cause No. 2:10-CV-408-PRC |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motions In Limine [DE 45] filed November 13, 2013 and on Plaintiffs' Response To Defendant's Motion In Limine [DE 63] filed December 3, 2013. No replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves

the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

      1.      Offers of compromise or evidence of settlement attempts.

RULING:      The Defendant's Motion In Limine is **GRANTED** in this regard.

      2.      Lay opinion testimony on causation of medical damages.

RULING:      The Defendant's Motion In Limine is **DENIED** in this regard as to Matthew Millen's testimony about medical causation of his October 6, 2008 injuries but is otherwise generally **GRANTED** as to Matthew Millen's later July 2011 bus step incident — although he will be permitted to testify about the bus step incident, what occurred, how it occurred, describe his injuries, pain, treatment, and subsequent limitations.

      3.      Testimony by non-health care providers stating statements made by health care providers.

RULING:      The Defendant's Motion In Limine is **GRANTED** in this regard as to non-expert witnesses. It is **DENIED** in this regard as to expert witnesses..

      4.      Testimony as to causation of Matthew Millen's injuries.

RULING:      The Defendant's Motion In Limine is **DENIED** in this regard as to Matthew Millen's testimony on causation regarding the October 6, 2008 incident. It is generally **GRANTED** as to testimony by Matthew Millen on causation of injuries regarding

the July 2011 bus step incident. It is **GRANTED** as to testimony on causation of injuries by any healthcare providers to the extent such testimony goes beyond his or her records.

5. Expressions of opinion within Matthew Millen's medical records.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

6. Reference to pre-trial discovery disputes and issues.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

7. Reference to pre-trial motions.

RULING: The Defendant's Motion In Limine is generally **GRANTED** in this regard.

8. "Golden Rule" references and statements.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

9. Disclosure of case facts during Voir Dire.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard. Some basic descriptive facts will be disclosed by the Court.

10. Legal conclusions in witness testimony.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

11. Witnesses, exhibits, or contentions not timely disclosed.

RULING: The Defendant's Motion In Limine is generally **GRANTED** in this regard.

12. Illegible medical records.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

13. Financial condition of the parties.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

14. Send a message arguments.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

15. Confidential or proprietary documents of Menards.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard. However, policies and procedures documents may be ruled to be admissible.

16. Speculation about what the testimony of non-called witnesses would have been.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

17. Reference to Menards' liability insurance coverage.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

18. Evidence of other prior or subsequent accidents at Menards premises or other claims, or lawsuits against Menards.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

19. Subsequent remedial measures taken by Menards.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

20. News media articles or reports about this or any other incidents at Menards premises.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

21. Reference to incident reports or the Claim Reporting Guide.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

22. Videos, diagrams, calculations, measurement, or re-enactments not previously disclosed.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

23. Evidence of gross income of Matthew Millen.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

24. Lay opinion testimony on causation of Matthew Millen's ankle weakness.

RULING: The Defendant's Motion In Limine is **DENIED** as to such testimony by Matthew

Millen but is **GRANTED** as to such testimony by any other non-healthcare provider witness.

25. Lay opinion testimony linking causation of Matthew Millen's July 2011 bus step injury to the October 6, 2008 incident.

RULING: The Defendant's Motion In Limine is **GRANTED** as to lay witnesses other than Matthew Millen. It is generally **GRANTED** as to testimony by Matthew Millen – although he will be permitted to testify about the bus step incident, what occurred, how it occurred, describe his injuries, pain, treatment, and subsequent limitations.

26. Lay opinion testimony linking causation of Matthew Millen's headaches to back pain.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

27. Lay opinion testimony describing Matthew Millen's headaches as migraine headaches.

RULING: The Defendant's Motion In Limine is **GRANTED** in that regard.

28. Lay opinion testimony that Matthew Millen was in shock shortly following the October 6, 2008 Menards incident.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

29. Lay opinion testimony that the July 2011 bus step incident exacerbated Matthew Millen's prior injuries.

RULING: The Defendant's Motion In Limine is **GRANTED** as to lay witnesses other than Matthew Millen. It is **DENIED** as to testimony by Matthew Millen.

30. Evidence or arguments that Menards should have taken some prior action to avoid the October 6, 2008 incident.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

31. Reference to Menards' policies, procedures, and instructional videos.

RULINGS: The Defendant's Motion In Limine is **DENIED** in this regard.

Wherefore, the Defendant's Motions In Limine [DE 45] is **GRANTED** in part and **DENIED** in part.

So **ORDERED** this 5th day of December, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record